UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERGIO JAVIER PORTILLO PEREZ,<br>Petitioner,<br>v.<br>WARDEN OF THE GOLDEN STATE ANNEX DETENTION FACILITY, *et al.*,<br>Respondents. | Case No. 1:26-cv-03415-KES-CDB (HC)<br>FINDINGS AND RECOMMENDATIONS TO GRANT PETITION FOR WRIT OF HABEAS CORPUS (A-Number: 212-976-534)<br>(Doc. 1)<br>**<u>7-Day Objection Period</u>** |

Petitioner Sergio Javier Portillo Perez, a federal immigration detainee proceeding pro se, initiated this action on May 4, 2026, with the filing of a petition for writ of habeas corpus under 28 U.S.C. § 2241. (Doc. 1). Petitioner is in custody of Immigration and Customs Enforcement ("ICE") at the Golden State Annex facility. (Doc. 1 ¶ 1).

At the Court's direction (Doc. 7), Respondents filed a response to the petition on May 25, 2026. (Doc. 8). The Court thereafter directed Respondents to file a supplement including a copy of a I-200 Warrant for Arrest of Alien, as purportedly served upon Petitioner. (Doc. 9). Respondents filed their supplemental exhibit on May 26, 2026. (Doc. 10).

## I. Relevant Background

Petitioner is a native and citizen of El Salvador who unlawfully entered the United States in or about January 2016. (Doc. 1 at 6). Petitioner asserts that he turned himself in to Border Patrol

upon entry into the United States and was in immigration custody for over two months, during which time he "[submitted] a political asylum, and [he] was granted. [He] has asylum process since then, and [he has] a social security number." *Id.*

Petitioner was detained by ICE on March 30, 2026, upon his release from custody by local authorities following his arrest for a probation violation. Previously, on May 18, 2022, Petitioner was convicted under California Penal Code § 422 for threatening crime with intent to terrorize (as a misdemeanor), with a sentence of 90 days in jail; under California Penal Code § 236 for false imprisonment (as a felony), with a sentence of five days in jail; and under California Vehicle Code § 23152(b) for driving under the influence (a misdemeanor), with a sentence of two days in jail. On January 31, 2023, Petitioner was sentenced to 120 days in jail for violation of probation and, on December 19, 2025, he was arrested for driving under the influence and violation of probation. *Id.* at 2-3; (Docs. 8-2, 8-3).

Respondents include with their response to the petition a Department of Homeland Security ("DHS") Record of Deportable/Inadmissible Alien form ("I-213") dated March 30, 2026 (the date of Petitioner's release from custody by local authorities). Therein, the report's author documents that a deportation officer consensually interviewed Petitioner and that Petitioner stated he was not inspected by immigration authorities upon his entry into the United States in January 2016, contrary to his allegation in the petition that, in fact, he was detained for more than two months upon his entry into the United States. (Doc. 8-1 at 2). The I-213 also documents that Petitioner filed an application for employment authorization on October 22, 2018, which was approved on November 1, 2018, for a length of time until October 21, 2020. According to the I-213, Petitioner also filed an application for asylum and withholding of removal on March 23, 2018, with the application pending as of the time of his arrest on March 30, 2026. *Id.* at 3.

Petitioner acknowledges in his petition some of the criminal history noted above, including that he has two convictions for driving under the influence and "served 90 days in jail" after his arrest for violation of his probation on December 19, 2025. Petitioner asserts he was detained by ICE without a warrant on March 30, 2026. (Doc. 1 at 6). However, Respondents have proffered to the Court an I-200 Warrant for Arrest of Alien form, reflecting its service upon Petitioner at the

time of the warrant's execution (March 30, 2026). (Doc. 8-1 at 2; Doc. 10-1).

The Court takes judicial notice that Petitioner's immigration case remains pending, with a master hearing scheduled for August 27, 2026.[1]

## II. Governing Authority

Writ of habeas corpus relief extends to a person in custody under the authority of the United States. *See* 28 U.S.C. § 2241. A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

Relevant here, "in cases that do not involve a final order of removal, federal habeas corpus jurisdiction remains in the district court" pursuant to 28 U.S.C. § 2241 where the petitioner "challenges his confinement on statutory and constitutional grounds." *Nadaraja v. Gonzales*, 443 F.3d 1069, 1075-76 (9th Cir. 2006); accord *Flores-Torres v. Mukasey*, 548 F.3d 708, 713 (9th Cir. 2008) (holding "the district court has jurisdiction over Torres's habeas petition challenging his detention" in ICE custody).

Here, Respondents do not challenge this Court's jurisdiction to adjudicate the petition (*see generally* Doc. 8) and under the authorities cited above, the Court finds it properly may exercise jurisdiction over the merits of the petition.

## III. Discussion

Regarding Respondents' argument that the petition should be denied for Petitioner's failure to exhaust administrative remedies (Doc. 8 at 2-3), the Court finds that the prudential exhaustion requirement should be waived as it would be futile for Petitioner to seek release by administrative means given Respondents' position that Petitioner is subject to mandatory detention under 8 U.S.C. § 1226(c), and Petitioner must remain incarcerated under that framework without individualized

---

[1] *See* https://acis.eoir.justice.gov/en/caseInformation (last visited Aug. 21, 2026, using Petitioner's A-Number and nationality); *Daniels-Hall v. National Edu. Ass'n*, 629 F.3d 992, 998-99 (9th Cir. 2010) ("It is appropriate to take judicial notice of this information, as it was made publicly available by government entities ... and neither party disputes the authenticity of the web sites or the accuracy of the information displayed [ ] therein."); *Argueta v. Walgreens Co*., 760 F. Supp. 3d 1028, 1034 (E.D. Cal. 2024) (taking judicial notice of information on federal government agency's website).

process. *See* (Doc. 8). Petitioner therefore lacks recourse to the relief he seeks through statutory or administrative means. *See Hernandez v. Sessions*, 872 F.3d 976, 998 (9th Cir. 2017) ("[A] court may waive the prudential exhaustion requirement if 'administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void.'") (quoting *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004)).[2]

Petitioner asserts one cause of action his petition for violation of procedural due process under the Fifth Amendment to the U.S. Constitution. (Doc. 1 at 17-18).

**A. Section 1226(c)**

A district judge of this Court has addressed and applied the holdings of the key Supreme Court and Ninth Circuit decisions applying § 1226(c) as relevant here, and the undersigned adopts that framework herein. *See Kakkar v. Chestnut*, No. 1:25-cv-1627 JLT SAB, 2025 WL 3638298, at *3-5 (E.D. Cal. Dec. 15, 2025) (discussing section 1226(c)'s mandatory detention regime and noting it does not foreclose as-applied constitutional challenges under *Nielsen v. Preap*, 586 U.S. 392 (2019)).

The Ninth Circuit has "held that a conviction under section 422 of the California Penal Code is categorically a [crime involving moral turpitude]." *See Zaragoza Rios v. Blanche*, No. 23-801, 2026 WL 2364545, at *1 (9th Cir. Aug. 14, 2026) (citing *Latter-Singh v. Holder*, 668 F.3d 1156, 1163 (9th Cir. 2012)). Thus, Petitioner's conviction under section 422 is a crime involving moral turpitude under 8 U.S.C. § 1182(a)(2)(A)(i)(I). *See Latter-Singh*, 668 F.3d at 1163.

The Court next considers whether Petitioner falls under the "petty offense exception."[3] "Under the exception, § 1182(a)(2)(A)(i)(I) 'shall not apply' if (1) the alien 'committed only one

[2] The undersigned finds Respondents' argument that Petitioner must pursue a *Joseph* hearing to exhaust his administrative remedies to be without merit. (Doc. 8 at 3). The relief provided in a *Joseph* hearing is a finding that a noncitizen is not subject to 8 U.S.C. § 1226(c). *See Matter of Joseph*, 22 I. & N. Dec. 799, 799 (BIA 1999). Here, Petitioner raises a constitutional claim for violation of applicable due process. *See* (Doc. 1). A *Joseph* hearing would not provide Petitioner with the relief sought in his petition.

[3] Respondents assert that, because Petitioner has more than one conviction and multiple probation violations, he does not qualify for the "petty offense exception." (Doc. 8 at 2 n.2). Respondents are incorrect, as explained by another judge of this Court: "However, the exception applies to convictions for more than one *crime involving moral turpitude*. Petitioner was convicted on three charges, but Respondents

crime,' (2) 'the maximum penalty possible for the [predicate CIMT] … did not exceed imprisonment for one year,' and (3) 'if the alien was convicted of such crime, the alien was not sentenced to a term of imprisonment in excess of 6 months.'" *Cervantes v. Holder*, 772 F.3d 583, 587 (9th Cir. 2014) (alteration in original; quoting 8 U.S.C. § 1182(a)(2)(A)(ii)(II)). Here, Respondents identify only one crime involving moral turpitude, namely Petitioner's conviction under section 422. The maximum penalty for a section 422 conviction is imprisonment "not to exceed one year." Cal. Penal Code § 422(a). The record reflects that Petitioner received a 90-day sentence for his section 422 conviction. Thus, all three factors are satisfied and Petitioner falls under the petty offense exception to section 1182(a)(2)(A)(i)(I). As Respondents identify no other grounds in support of their argument that Petitioner is subject to mandatory detention under section 1226(c)(1)(A), the Court finds that he is not subject to detention under section 1226(c).[4]

Therefore, the undersigned considers Petitioner's due process claim.

**B. Procedural Due Process**

Petitioner alleges that he was detained by Border Patrol upon entry into the United States and was in immigration custody for over two months. (Doc. 1 at 6). It is unclear from the petition whether he contends he was granted asylum or whether the application process is ongoing. *See id.* Respondents assert that, during an interview with a deportation officer on March 30, 2026, after his detainment, Petitioner claimed that he entered the United States without inspection or parole by an immigration officer. Respondents represent that Petitioner's application for asylum was submitted over two years after his unlawful entry and remains pending as of the date of his detainment. (Doc. 8-1 at 2). The undersigned finds that the record does not conclusively demonstrate that immigration

only identify one, Cal. Penal Code § 422, as a CIMT." *Alba-Perez v. Warden, Mesa Verde Det. Facility*, No. 1:26-cv-03137 DJC SCR, 2026 WL 1651042, at *2 (E.D. Cal. June 8, 2026), *report and recommendation adopted*, No. 1:26-cv-03137 DJC SCR, 2026 WL 2044253 (E.D. Cal. July 15, 2026) (emphasis in original).

[4] Respondents provide no argument regarding the applicability of section 1226(c)(1)(E). *See* (Doc. 8). Regardless, the undersigned concludes that it is inapplicable. *See Lopez Lopez v. Warden*, No. 1:26-cv-03556-DAD-CKD (HC), 2026 WL 1346694, at *2 (E.D. Cal. May 14, 2026) ("In light of the persuasive authority finding that § 1226(c)(1)(E) is not retroactive and respondent's failure to identify what charge purportedly serves as the basis for petitioner's mandatory detention or to argue that § 1226(c)(1)(E) can apply retroactively to petitioner's 2023 arrest, the court finds that petitioner is not lawfully detained pursuant to 8 U.S.C. § 1226(c)(1)(E).").

officials necessarily determined that Petitioner did not present a risk of flight or danger to the community, upon his entry into the United States or otherwise. *See* 8 C.F.R. § 1236.1(c)(8).

Respondents do not argue that Petitioner is subject to mandatory detention under any other statutory regime, such as 8 U.S.C. § 1225(b)(2)(A); indeed, based on his allegations and Respondents' evidence, Petitioner is not a "applicant for admission" subject to mandatory detention under section 1225(b)(2)(A). *See generally Rodriguez Vazquez v. Bostock*, -- F.4th. --, 2026 WL 2196424 (9th Cir. July 30, 2026). Further, Respondents do not respond to Petitioner's due process claim or otherwise argue that he is not entitled to a bond hearing as a matter of due process. Having considered the record, including the fact that Petitioner has been detained for approximately five months without the benefit of a bond hearing and subject to Respondents' erroneous position that he is subject to mandatory detention, the undersigned finds that Petitioner's detention without a bond hearing violates the Due Process Clause of the Fifth Amendment. *See Mathews v. Eldridge,* 424 U.S. 319, 335 (1976). Therefore, the undersigned will recommend that Petitioner's petition be granted and Petitioner be provided a post-deprivation bond hearing.

## IV. **<u>Conclusion and Recommendation</u>**

Accordingly, IT IS HEREBY RECOMMENDED that:

1. The petition for writ of habeas corpus (Doc. 1) be GRANTED.
2. Respondents be ORDERED to provide Petitioner with a bond hearing in accordance with 8 U.S.C. § 1226(a) within seven (7) days of the date of this Order, in which the parties will be allowed to present evidence and argument about whether Petitioner is a danger to the community and presents a flight risk if not detained.
3. Respondents be ORDERED to provide notice of the hearing to Petitioner at least 72 hours before the scheduled hearing; Petitioner SHALL have the right to be represented by counsel at the hearing, and he SHALL be entitled to appear at the hearing; if counsel has filed an appearance in the immigration proceedings, counsel SHALL receive notice of the scheduled hearing at least 72 hours before the hearing.
4. If Respondents do not provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) as required herein, Respondents be ORDERED to release Petitioner from custody

immediately and forbear from re-detaining Petitioner unless the government provides notice to Petitioner a minimum of seven (7) days in advance and holds a bond hearing consistent with this order.

5. The Clerk of the Court be DIRECTED to enter judgment in favor of Petitioner and close this case.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within seven (7) days** after being served with these findings and recommendations, the parties may file written objections with the Court. Although this objection period is shorter than provided by Local Rule, such an adjustment is warranted given the nature of Petitioner's harm, the finding of a violation of the U.S. Constitution by Respondents, and the fact that the parties have extensively briefed the issues involved. *See United States v. Barney*, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) ("The court may require a response within a shorter period if exigencies of the calendar require."). The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and **shall not exceed 15 pages** without leave of Court and good cause shown. The Court will not consider exhibits attached to the Objections, but a party may refer to exhibits in the record by CM/ECF document and page number. Any pages filed in excess of the 15-page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C).

A party's failure to file any objections within the specified time may result in the waiver of certain rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated: **August 23, 2026**

UNITED STATES MAGISTRATE JUDGE